IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FAHEEM PASHA, | * | |
| Petitioner | * | |
| v. | * | Civ. No. DLB-23-2686 |
| C. CARTER, *Warden*, | * | |
| Respondent | * | |

**MEMORANDUM OPINION**

Faheem Pasha, a federal prisoner incarcerated at Federal Correctional Institution – Cumberland ("FCI-Cumberland"), filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. ECF 1. Pasha claims he earned time credits pursuant to the First Step Act ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (2018), and he asks the Court to order the Bureau of Prisons ("BOP") to apply his earned time credits to his federal sentence. *Id.* at 2, 6. Pasha simultaneously filed a "Motion to Apply Credits," in which he presents additional facts and argument regarding his earned time credits and requests the same relief. ECF 2. The Court construes this document as a supplement to Pasha's petition.

The respondent filed a motion to dismiss, or in the alternative, for summary judgment, and a memorandum in support. ECF 5, 5-1. Pasha filed an opposition. ECF 7. Pasha filed another supplement to his petition (ECF 8)—more than four months after the respondent moved to dismiss the petition and after Pasha opposed the motion. The Court considers this supplement despite its late filing. *See* Fed. R. Civ. P. 15(a)(1)(B), (2). A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court treats the respondent's motion as a motion to dismiss, grants the motion, and dismisses Pasha's petition for writ of habeas corpus.

**I.     Background**

On July 10, 2018, the United States District Court for the Northern District of Indiana sentenced Pasha to 96 months' imprisonment and two years' supervised release for being a felon in possession of a firearm. ECF 2-1, at 1.

Pasha is serving his sentence in BOP custody. He claims that he has earned time credits from "actively participating in approved [evidence-based recidivism reduction programming] and [productive activities]," yet BOP refuses to apply his earned time credits to reduce his sentence. ECF 1, at 6, 8; ECF 2, at 3.[1] Pasha believes BOP "is being bias[ed]," ECF 1, at 6, or alternatively not following "FSA policies concerning . . . the **interpretation** of First Step Act language," ECF 2, at 3 (emphasis in original). For support, Pasha cites an administrative remedy response from Acting Administrator Timothy Barrett explaining that, because Pasha has a high Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN") risk level, BOP will not apply his earned time credits, which BOP only applies for inmates with low or medium PATTERN risk scores.[2] *Id.*

Between July 11, 2018 and April 1, 2023, Pasha earned time credits by completing eight education courses that lasted a total of 100 hours. ECF 2-1, at 6. The courses covered job skills, life skills, social etiquette, health and wellness, basic construction, and commercial driver's licenses. *Id.* According to a February 10, 2023 "FSA Time Credit Assessment," Pasha "cannot apply" time credits he earned to reduce his sentence. ECF 2-1, at 5. On May 1, 2023, Pasha filled

---

[1] Pasha uses the acronym "FTC" for earned time credits. *See* ECF 2, at 2. FTC apparently stands for "federal time credits," which is interchangeable with "earned time credits." *See* ECF 2-1, at 2 ("[Y]ou request to apply earned time credits, also known as Federal Time Credits (FTCs) under the First Step Act (FSA)."). The Court will refer to them as earned time credits.

[2] PATTERN is a tool the BOP uses to identify an inmate's needs and risk profile, which estimates the likelihood of recidivism. *See Torok v. Beard*, No. PX-21-1864, 2022 WL 2703836, at *1 (D. Md. July 12, 2022).

out an "Inmate Request to Staff" form to petition the warden to apply his earned time credits. *Id.* at 4. Pasha argued the FSA "contains no language that justifies prohibiting [his] time credits based on PATTERN scores." *Id.* "The Unit Manager . . . submit[ted] [the] request, along with the unit team's recommendation, to the Warden (or designee) for final decision." *Id.* at 2. The request was denied. *Id.* at 4. In the disposition section, filled out on May 8, 2023, Pasha was informed that he did not "qualify" to apply the credits he earned "as [he] must be incident report free for a period of three years," and Pasha had been found guilty of violating a prison rule on April 26, 2022. *Id.*; *see also id.* at 1 (May 3, 2023 Sentence Monitoring Computation Data sheet stating Pasha was "ineligible" under the FSA). Pasha appealed. In the August 24, 2023 response to his appeal, Pasha was advised that, although he was eligible to earn time credits, his high-risk level precluded the application of credits towards a sentence reduction. *Id.* at 2. The response noted that the warden's denial of Pasha's request for an exception to this policy "was appropriate and in accordance with the criteria outlined in" BOP Program Statement 5410.01. *Id.*

Pasha asks the Court to order BOP to apply the credits he believes he earned under the FSA and reduce his sentence accordingly. *Id.* at 7; ECF 2, at 3. The defendants have moved to dismiss his petition for failure to state a claim, or in the alternative, for summary judgment. ECF 5. The Court considers it as a motion to dismiss.

**II.     Standard of Review**

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)); *see* Fed. R. Civ. P. 81(a)(4) (Federal Rules of Civil Procedure apply in habeas proceedings unless a federal statute or habeas-specific rule applies). To survive the challenge, the opposing party must have pleaded facts demonstrating they have a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021)

3

(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Baltimore County*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe *pro se* pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). Nonetheless, a *pro se* pleading "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016)).

**III.   Discussion**

A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. § 2241(c). "To be entitled to [habeas] relief, a federal prisoner must demonstrate that '[h]e is in

custody in violation of the Constitution or laws or treaties of the United States.'" *Rosemond v. Hudgins*, 92 F.4th 518, 523 (4th Cir. 2024) (quoting 28 U.S.C. § 2241(c)(3)).

Pasha claims he is being held in custody in violation of two provisions of the First Step Act, 18 U.S.C. §§ 3624 and 3632. The FSA is a "strong remedial statute[], meant to rectify disproportionate and racially disparate sentencing penalties." *United States v. Swain*, 49 F.4th 398, 403 (4th Cir. 2022) (quoting *United States v. Collington*, 995 F.3d 347, 360 (4th Cir. 2021), *overruled in part on other grounds as stated in United States v. Richardson*, 96 F.4th 659, 664 (4th Cir. 2024)). "[S]entence reductions are . . . one of its primary purposes." *Id.* To this end, the FSA requires prisons to provide "evidence-based recidivism reduction programs" and "productive activities" through which prisoners can receive earned time credits that can be applied to reduce the amount of time they must serve before transferring to pre-release custody or supervised release. 18 U.S.C. § 3632.

Under § 3632 of the FSA, prisoners are classified "as having minimum, low, medium, or high risk for recidivism," reassessed periodically, and assigned "to appropriate evidence-based recidivism reduction programs or productive activities . . . to ensure that—all prisoners at each risk level have a meaningful opportunity to reduce their classification during the period of incarceration" and "all prisoners are able to successfully participate in such programs." 18 U.S.C. § 3632(a)(5)(A), (C). Prisoners may earn time credits by "complet[ing] evidence-based recidivism reduction programming or productive activities." *Id.* § 3632(d)(4)(A); *see also Torok v. Beard*, No. PX-21-1864, 2022 WL 2703836, at *1 (D. Md. July 12, 2022); Office of the Att'y Gen., U.S. Dep't of Just., *The First Step Act of 2018: Risk and Needs Assessment System—UPDATE* 20 (2020), https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment -

system-updated.pdf. Then, the earned time credits "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C).[3]

Application of earned time credits is not automatic. It depends on a prisoner's assessed risk of recidivism. *See* 18 U.S.C. § 3624(g)(1). For the credits to be applied to reduce a term of imprisonment, the prisoner first must earn them "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A); *see* Bureau of Prisons, *Program Statement 5410.01 CN-2, First Step Act of 2018—Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, at 1 (2023), https://www.bop.gov/policy/progstat/5410.01_cn2.pdf ("*Program Statement 5410.01 CN-2*"). Second, the prisoner must "ha[ve] shown through the periodic risk reassessments a demonstrated recidivism risk reduction or ha[ve] maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." 18 U.S.C. § 3624(g)(1)(B); *see* 28 C.F.R. § 523.44(b)(1)–(3) (BOP "may apply FSA Time Credits toward prerelease custody . . . only if an eligible inmate has: . . . [s]hown through the periodic risk reassessments a demonstrated recidivism risk reduction or maintained a minimum or low recidivism risk, during the term of imprisonment"). Third, the prisoner must "ha[ve] had the remainder of the[ir] . . . imposed term of imprisonment computed under applicable law." 18 U.S.C. § 3624(g)(1)(C). Fourth, for prerelease custody, the prisoner must either "ha[ve] been determined . . . to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or have had the warden approve their petition for prerelease custody

after the warden's determination that—

---

[3] To be eligible to earn time credits, inmates must not have a conviction for a disqualifying offense. *See* 18 U.S.C. § 3632(d)(4)(D). Additionally, certain deportable non-U.S. citizens are not eligible to earn time credits. 18 U.S.C. § 3632(d)(4)(E). There is no question that Pasha is eligible.

    **(aa)** the prisoner would not be a danger to society if transferred to prerelease custody or supervised release;

    **(bb)** the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and

    **(cc)** the prisoner is unlikely to recidivate[.]

18 U.S.C. § 3624(g)(1)(D)(i)(II); *see also* 28 C.F.R. § 523.44(c)(2)(i)–(iii). BOP has clarified that an inmate can demonstrate a "good faith effort to lower their recidivism risk" by, among other things, "[m]aintaining clear conduct for at least three years from the date of the request[.]" *See Program Statement 5410.01 CN-2*, at 16. Thus, for those inmates seeking early prerelease custody, if an inmate cannot meet this recidivism-risk requirement, there is an alternative option under which the inmate may ask for application of earned time credits: The inmate can petition the warden to be considered on an individualized basis for placement in prerelease custody. 18 U.S.C. § 3624(g)(1)(D)(i)(II). Unless an inmate satisfies these four criteria, their earned time credits will not be applied to reduce their sentence.

    **A.  Section 3632**

    Pasha asserts that he is being held in violation of the FSA's requirement that "all prisoners of every risk level are to have a meaningful opportunity to reduce their classification during their incarceration." ECF 2, at 4, 8 (citing 18 U.S.C. § 3632(a)(5)(A)). Pasha argues that he does not have a "meaningful opportunity" to reduce his risk assessment level to apply his earned time credits because "[the] limited time remaining [before] he is sent to prerelease custody" is not enough time for him to reduce his risk level to minimum or low. *Id.* at 4. This argument is meritless. Pasha has been incarcerated since July 10, 2018, and he has been taking education courses since July 11, 2018. ECF 2-1, at 5–6. Pasha does not argue that, over the past six years, BOP or the warden has impeded his ability to reduce his risk assessment level. By his own allegations, he has taken advantage of opportunities to reduce his risk assessment level by participating in educational

programs since the day he entered BOP custody in 2018. Pasha has not shown that BOP or the warden deprived him of a "meaningful opportunity" to reduce his risk assessment level. He has not plausibly alleged a violation of § 3632(a)(5)(A).

### B. Section 3624

Pasha also claims that BOP and the warden are wrongly refusing to apply his earned time credits to reduce his sentence, in violation of 18 U.S.C. § 3624. ECF 2, at 4. The problem for Pasha is that the Court cannot review BOP's or the warden's decisions under § 3624. *See* 18 U.S.C. § 3625. The Administrative Procedure Act ("APA"), which subjects agency action to judicial review through "any applicable form of legal action, including actions for . . . writs of . . . habeas corpus, in a court of competent jurisdiction," 5 U.S.C. § 703, does "not apply to the making of any determination, decision, or order under" §§ 3621–3624. 18 U.S.C. § 3625; *see Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). Therefore, the Court cannot review the decision of BOP or the warden to deny the application of earned time credits to reduce Pasha's sentence under § 3624. *See Mars v. Heisner*, No. CV2201933PHXSPLJZB, 2023 WL 4977335, at *5 (D. Ariz. June 26, 2023), *report and recommendation adopted*, 2023 WL 4960411 (D. Ariz. Aug. 3, 2023); *Walker v. Fikes*, No. 2:22-CV-41, 2023 WL 4004123, at *2 (S.D. Ga. May 16, 2023), *report and recommendation adopted*, 2023 WL 3997068 (S.D. Ga. June 14, 2023); *Morales v. Brewer*, No. 2:22-CV-2207 AC P, 2023 WL 3626315, at *2 (E.D. Cal. May 24, 2023), *report and recommendation adopted*, No. 222CV02207DADACHC, 2023 WL 4535042 (E.D. Cal. July 13, 2023).

To be sure, courts may review BOP action or policy that is contrary to established federal law, violates the U.S. Constitution, or exceeds its statutory authority. *See Myers v. Williams*, No. 2:15CV49, 2015 WL 13735447, at *5 (N.D.W. Va. Oct. 19, 2015) (citing *Webster v. Doe*, 486 U.S. 592 (1988); *Turner v. Safley*, 482 U.S. 78, 84 (1987); *Procunier v. Martinez*, 416 U.S. 396,

8

405 (1974)), *report and recommendation adopted*, 2015 WL 9304550 (N.D.W. Va. Dec. 21, 2015). In his second supplement, Pasha alleges that the refusal to apply his earned time credits to reduce his sentence violates both separation of powers principles and the Ex Post Facto clause of the U.S. Constitution. ECF 8, at 2. He insists BOP is "not applying the law as enacted by Congress and by doing so usurped the legislative authority and violated the separation of powers clause." *Id.* He also contends that "B.O.P. denying acquired FSA credits for completing programming and using conduct prior to said First Step Act of 2018 violates the Ex Post Facto clause." *Id.* He claims he "is being denied his liberty based on conduct prior to the enactment of the First Step Act." *Id*. These allegations of constitutional violations are conclusory and frivolous. Pasha has not plausibly alleged the decision to not apply his earned credits towards his sentence was contrary to established federal law, unconstitutional, or exceeded BOP's statutory authority. Therefore, his § 3624 claim is not reviewable. *See Mars*, 2023 WL 4977335, at *5; *Walker*, 2023 WL 4004123, at *2; *Morales*, 2023 WL 3626315, at *2.

Finally, if Pasha seeks mandamus relief directing BOP to apply any earned credits, ECF 1, at 7; ECF 2, at 8, it is not available. A writ of mandamus is a "drastic" remedy "to be invoked only in extraordinary situations" when no other avenue for relief is available. *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal*., 426 U.S. 394, 402 (1976); *see Cumberland Cnty. Hosp. Sys., Inc. v. Burwell*, 816 F.3d 48, 52 (4th Cir. 2016). The defendant must owe the plaintiff "a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1234 (10th Cir. 2005). Even if a plaintiff makes the requisite showing, the decision to issue a writ of mandamus is largely a matter within the district court's discretion. *See Kerr*, 426 U.S. at 403.

A writ of mandamus is not warranted here. Pasha had and explored another avenue for the relief he seeks here: his request to the warden for application of his earned time credits towards

9

reduction of his sentence. Further, Pasha has not demonstrated any clear, nondiscretionary duty owed to him. Thus, insofar as Pasha seeks mandamus relief, the petition is denied.

## IV.     Conclusion

For the foregoing reasons, the respondent's motion, construed as a motion to dismiss, is granted. Pasha's petition for a writ of habeas corpus, ECF 1, is dismissed. Pasha's "motion to apply time credits," ECF 2, is denied.

A separate Order follows.

September 20, 2024
Date

Deborah L. Boardman
United States District Judge